# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**In Re: A.F., K.F., and M.M.**

**No. 14-0189** (Braxton County 13-JA-28, 13-JA-29, and 13-JA-30)

**FILED**

June 16, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father filed this appeal by his counsel, Clinton R. Bischoff, from an order entered on January 27, 2014, in the Circuit Court of Braxton County, which terminated his parental rights to seven-year-old M.M., and psychological parental rights to twelve-year-old A.F. and eleven-year-old K.F.[1] The guardian ad litem for the children, David Karickhoff, filed a response in support of the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney, S.L. Evans, also filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred by denying his motion for an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2013, the DHHR filed an abuse and neglect petition against petitioner and his girlfriend A.R.[2] The petition alleged that the children's welfare was threatened by both adult respondents' failure to supply them with necessary food, clothing, supervision, and medical care. For instance, the children disclosed that they usually only ate dinner on the weekends because their parents would be asleep and that they were not provided with any other supervision. The petition also alleged that petitioner sexually abused A.F., and that both parents abused drugs in the children's presence. Both parents waived their rights to a preliminary hearing.

At the adjudicatory hearing in June of 2013, the two older children, A.F., and K.F., testified about the parents' drug abuse. A.F. testified that she saw the parents snort "beans" through a dollar or a pen after crushing the beans with a lighter on a clipboard. A.F. testified that after the parents crushed and snorted the beans, they acted "kind of mean." She also testified that other adults came into the home nearly every day and would snort these beans, smoke, or go into

---

[1] The biological father of A.F. and K.F. is deceased. Until very recently, petitioner was thought to be the biological father of M.M. However, the guardian ad litem provides that this is not the case. The nature of petitioner's relationship to each child is not an issue on appeal.

[2] A.R. is the biological mother of all three children.

1

closed rooms where she thought they might have been watching "bad movies." A.F. further testified about petitioner's sexual abuse against her. She described, for instance, times petitioner touched her "where [she] pee[s]" and how he "would sit [her] on top of him" while rubbing against her. A.F. testified that whenever she told her mother about these incidents, she would never do anything about it. The mother testified and denied any illegal drug use in the home and denied that A.F. ever told her about petitioner's sexual abuse. Petitioner did not testify. In its August of 2013 adjudicatory order, the circuit court found that both parents abused and neglected the children after finding that petitioner sexually abused A.F., that the mother failed to protect the children by failing to take action after she was informed of the sexual abuse, and that the parents' drug abuse affected the welfare of the children.

At the dispositional hearing in August of 2013, the family's caseworker testified that neither parent rectified any of the problems identified in the home. She testified that petitioner tested positive for drugs and had also missed drug screens after expressing that he would only participate in drug screens on Fridays. Petitioner again did not testify. In its termination order entered in January of 2014, the circuit court found that neither parent recognized or acknowledged any substance abuse problems and that the mother was not willing to accept that any sexual abuse occurred in the home. The circuit court terminated both parents' parental rights to all children. Petitioner now appeals.

This Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

Petitioner's sole assignment of error on appeal is that the circuit court erred in denying his motion for an improvement period. Petitioner asserts that he would have substantially complied with the terms of an improvement period.

Upon our review of the record, we find no error by the circuit court in denying petitioner's motion for an improvement period. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79,

479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). We have previously explained:

> [I]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*W.Va. Dept. of Health and Human Res. ex rel. Wright v. Doris S.*, 197 W.Va. 489, 498, 475 S.E.2d 865, 874 (1996). The record reveals that petitioner never acknowledged the drug and sexual abuse that occurred in the home. Petitioner's lack of acknowledgement, coupled with petitioner's missed drug screens and positive drug screens, supports the circuit court's finding that petitioner failed to provide evidence that he would participate in a plan to correct the conditions of abuse and neglect. Under West Virginia Code § 49-6-12, when a parent has failed to demonstrate by clear and convincing evidence that he or she will fully participate in an improvement period, the circuit court has the discretion to deny a motion requesting such.

This Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires the following:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for the children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedures for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

Syl. Pt. 6, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under *W.Va.Code* § 49-6-5(a)(6) [1996], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that

3

adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.,* 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard,* 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 16, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4